# SAMUEL & STEIN

### ATTORNEYS AT LAW

38 WEST 32ND STREET, SUITE 1110, NEW YORK, NY 10001
PHONE: (212) 563-9884 | FAX: (212) 563-9870 | WEBSITE: www.samuelandstein.com

**MICHAEL SAMUEL**
michael@samuelandstein.com

January 31, 2018

ADMITTED IN
NY

**Via ECF**

Hon. Leonard D. Wexler, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

### *Re: Chavez Amaya v. Huntington Plumbing Supply Co., Inc. et al*
### Case No. 2:17-cv-05106-LDW-GRB

Dear Judge Wexler:

We represent Plaintiff in the above-captioned matter and submit this letter to the Court with the approval of Timothy Domanick, Esq. of Jackson Lewis, P.C., counsel for Defendants, for the Court's assessment of and approval of the settlement agreement reached by the parties. The Settlement Agreement,[1] executed by the parties, is being submitted contemporaneously with this letter, and the parties submit that the Court should approve the Settlement Agreement and dismiss the case with prejudice because the settlement is a fair resolution of this matter, negotiated in an arm's length negotiation between experienced counsel.[2]

#### Background

Plaintiff alleges he was employed by Defendant Huntington Plumbing Supply Co., Inc. ("Huntington") to manage inventory, assemble orders, and drive company's forklift and trailers. Plaintiff claims his employment with Defendants commenced in approximately November 2004 and ended around August 18, 2017. [DE 1] Defendant Miguel Zuniga is the owner of Huntington. Plaintiff commenced this action on August 29, 2017 by filing a Complaint against Defendants alleging, *inter alia*, unpaid overtime wages under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), and claims under the NYLL for failure to provide wage notice and wage statements. [DE 1] Defendants twice moved to extend their time to answer in the hope of resolving this matter. After extensive negotiations through counsel, the parties were ultimately successful in arriving at a settlement.

---

[1] Revised pursuant to the Court's instructions.

[2] A copy of the Settlement Agreement is annexed hereto as Exhibit A.

Hon. Leonard D. Wexler, U.S.D.J.
January 31, 2018
Page 2 of 4

<u>Settlement Agreement</u>

In this case, there is a bona fide dispute regarding the number of alleged overtime hours worked.  As a result, the parties entered into immediate settlement negotiations.

As the Court can see from the Settlement Agreement submitted herewith, the parties agreed to settle Plaintiff's claims against Defendants for a total of **Sixty Thousand Dollars ($60,000.00)**, which is inclusive of legal fees and costs. While the final settlement amount is less than Plaintiffs' maximum possible recovery, we believe this to be a fair resolution of this matter, due to certain *bona fide* disputes about the value of Plaintiff's claims, the number of hours worked and the risks attendant with continuing the litigation.

Moreover, Plaintiff was incentivized to settle because Defendants are willing to pay the settlement as a lump sum. Should Plaintiff insist on further litigating this matter, the value of his damages would decrease not only due to ordinary litigation risks, but also simply with the passage of time, and the likelihood that any recovery would only be paid out over a significant length of time. By settling now, Plaintiff ensures that he will get much of what he could potentially recover upfront, and he does so without having to wait through months of likely fruitless discovery, then having to face the possibility that his claims may be undermined at trial.

<u>FLSA Settlement Approval</u>

Judicial approval of a wage and hour settlement brought under the FLSA depends on whether it is fair and reasonable. Courts look to the following factors: "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). In addition, given the purposes of the FLSA, factors that weigh against approving a settlement also include the following: (1) "the presence of other employees situated similarly to the claimant"; (2) "a likelihood that the claimant's circumstance will recur"; (3) "a history of FLSA non-compliance by the same employer or others in the same industry or geographic region"; and (4) the desirability of "a mature record" and "a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace." *Id.* at 336. (Citations omitted.)

Ultimately, the settlement must reflect a fair and reasonable compromise of disputed issues with the principal question being "whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366, (S.D.N.Y. 2013)) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Zeltser v. Merrill Lynch & Co*., 2014 U.S. Dist. LEXIS 135635, at *16 (S.D.N.Y. Sept. 23, 2014) (citations omitted). Applying these factors, Plaintiff suggests that they weigh strongly in favor of settlement approval.

Hon. Leonard D. Wexler, U.S.D.J.
January 31, 2018
Page 3 of 4

In light of the uncertainties associated with establishing Plaintiff's overtime hours, as well as Plaintiff's desire to avoid future legal proceedings, the settlement amount reached here is reasonable. *See Beckert v. Ronirubinov,* 2015 U.S. Dist. LEXIS 167052, at *4 (S.D.N.Y. Dec. 14, 2015) (holding that a settlement of approximately 25% of the amount initially sought was a "substantial proportion of the maximum possible recovery" and fair, especially in light of the risks associated with litigation). The settlement will also enable the parties to avoid the burdens and expenses of trial, as well as the litigation risks that always accompany same.

Courts consider settlements fair and reasonable when, as is the case here, they consider the potential risks of litigation. *See e.g., Martinez v. Hilton Hotels Corp.,* 2013 U.S. Dist. LEXIS 117738, at *9 (S.D.N.Y. Aug. 20, 2013) (Court found settlement reasonable because, *inter alia,* it was a "compromise over contested issues" "in light of the unpredictability of the outcome at trial"); *Garcia v. BAE Cleaners Inc.,* 2012 U.S. Dist. LEXIS 51867, at *2 (S.D.N.Y. April 12, 2012) (Court held the settlement fair and reasonable even though the settlement amount was less than the potential liquidated damages awardable under the FLSA because it "reflect[ed] a reasonable compromise over" issues that had been "contested in the litigation"). Accordingly, this factor supports approving the Settlement Agreement as fair and reasonable.

Arm's length bargaining between represented parties weighs in favor of finding a settlement reasonable. *Lliguichuzhca,* 948 F. Supp. 2d at 366; *Zeltser,* 2014 U.S. Dist. LEXIS 135635, at *17 (finding an FLSA settlement reasonable where, as here, it was the result of arm's-length negotiations and "Plaintiffs and Defendants were represented by counsel experienced in wage and hour law."). In this case, counsel for both parties are experienced litigators who focus their practices primarily on employment law issues. I am a founding partner of Samuel & Stein. I have practiced law since 1993, have been admitted in the state of New York since 1994, and I focus my practice almost exclusively on wage-and-hour cases, serving as counsel of record in more than 350 such cases. Plaintiff exchanged multiple demands and offers of settlement with Defendants before settling on the terms of this proposed settlement. Moreover, prior to entering into the settlement agreement, Plaintiff thoroughly considered the risks and benefits of continuing the litigation. The Settlement Agreement reflects the conclusion on the part of experienced counsel for all parties that the terms were a fair and reasonable assessment of their respective risks.

Other factors present do not weigh against a settlement. This matter has not been conditionally certified as a collective action; thus, the settlement of this action will have no impact on any other employees or their rights. Plaintiff is no longer employed by Defendants so there is no likelihood that Plaintiff's circumstances will recur. Additionally, this case presents no novel questions of law that would benefit from extensive litigation.

<u>Attorneys' Fees</u>

Pursuant to counsel's retainer agreement with Plaintiff, we will retain 1/3 of the settlement (i.e., a total of **$20,333.33**) as attorneys' fees.

Based on our firm's experience in handling FLSA matters, the provision of 1/3 of a settlement is a standard arrangement in this District, and is routinely approved by courts in this Circuit, particularly for attorneys with relevant experience and expertise. *See, e.g., Cortes v. New Creators, Inc.,* 2016 WL

Hon. Leonard D. Wexler, U.S.D.J.
January 31, 2018
Page 4 of 4

3455383, at *5 (S.D.N.Y. June 20, 2016) (holding fee award of one-third of settlement "consistent with `contingency fees that are commonly accepted in the Second Circuit in FLSA cases.'" (quoting *Najera v. Royal Bedding Co.*, 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015)); *Mireku v. Red Vision Sys., Inc.*, 2013 U.S. Dist. LEXIS 172102 (S.D.N.Y. Dec. 6, 2013) (finding that where, as here, the fee award is consensual since "Plaintiff has explicitly approved the agreement, including the amount of fees to her counsel" the award should be approved); *Garcia v. Pancho Villa's of Huntington Village, Inc.*, 2012 U.S. Dist. LEXIS 144446, at *21 (E.D.N.Y. Oct. 4, 2012) (noting that counsel's request for one-third of FLSA clients' recovery is "reasonable and consistent with the norms of class litigation in this circuit"); *see also Porzig v. Dresdner, Kleinwort, Benson, North America LLC*, 497 F.3d 133, 141 n.4 (2d Cir. 2007) ("any attorney's fee ultimately belongs to [plaintiff], the client, and not the attorney," and courts "assume[s] the attorney and client will settle the distribution of the attorney's fees . . . according to their own contract terms, which are beyond the province of this Court") (citations omitted).

Finally, we point out that, consistent with the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), this Agreement does not contain a general release of Plaintiff's claims, or a confidentiality provision.

<u>Conclusion</u>

For all of the reasons set forth above, the parties request that the Court approve the settlement agreement attached hereto and enter the stipulation of dismissal[3] filed herewith. We hope that this letter provides the Court with the information that it needs to assess the fairness of this settlement. We are available at the Court's convenience should the Court have any questions regarding the contents of this letter, or if the Court requires additional information or documentation.

Respectfully submitted,

/s/ *Michael Samuel*
Michael Samuel, Esq.

Enc.

cc: Timothy Domanick, Esq. (by ECF)

---

[3] The parties' Stipulation of Voluntary Dismissal is annexed hereto as Exhibit B.